IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY CARTMAN, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 3:10-CV-1278-B (BK) | |
| § | | |
| JASON T. DICKERSON, et al., § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3-251 this case was referred for screening.

**I. BACKGROUND**

Plaintiff filed this *pro se, in forma pauperis* action pursuant to 42 U.S.C. § 1983, while confined as a prisoner at the Hays State Prison in Trion, Georgia. (Doc. #1.) He was subsequently released from confinement and resides in Lithonia, Georgia. (Doc. #8.) Defendants are four Texas State Troopers, Jason T. Dickerson, Abe Mack, Joel McKinney, and Michelle McDaniel. The complaint also names as Defendants the Texas Department of Public Safety, the Hunt County Sheriff's Department, and the Greenville Police Department.

The court did not issue process in this case pending preliminary screening. On July 2, 2010, the court sent to Plaintiff a magistrate judge's questionnaire (MJQ) to obtain information about the factual basis of his suit. Plaintiff answered the MJQ on July 28, 2010. (*See* Doc. # 5.)

The complaint alleges that on May 14, 2004, Defendants illegally stopped the vehicle in which Plaintiff was riding and unlawfully searched and seized the same in violation of his constitutional rights. ( Doc. #1 at 4, and Doc. #5 at Answer Nos. 6-10.) During the stop and

arrest, Defendants Dickerson and Mack allegedly searched Plaintiff without his permission and assaulted him by pointing a gun to his face and back, while threatening his life and forcing him to the ground on the side of the highway. (Doc. #5 at Answer Nos. 6-7.) According to Plaintiff, Captain McKinney merely stood-by, and Sargent McDaniel sanctioned the incident by signing the police report prepared by Dickerson. (*Id.* at Answer No. 9.)

The complaint further alleges the Hunt County Sheriff's Department denied Plaintiff's request to access grievances and the jail law library, and ignored his demand to press charges against the individual State Troopers. (Doc. #1 at 4.) Plaintiff states that these events occurred in 2005, following his re-arrest by the Greenville Police Department, when he was incarcerated for a 90-day period pending issuance of a new bond. (Doc. #1 at 4, Doc. #5 at Answer No. 11, and Doc. #6 at 7.) He also states that his criminal charges, stemming from the April 14, 2004 arrest, were dismissed on April 19, 2008. Plaintiff seeks injunctive, declaratory, and monetary relief from the defendants in this case. (Doc. #1 at 4.)[1]

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to judicial screening under 28 U.S.C. § 1915(e)(2)(b). That statute provides for *sua sponte* dismissal of a complaint if the court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in

---

[1] In addition to his 1995 stay, Plaintiff was incarcerated at the Hunt County Jail on two other occasions: (1) in 2004, following the arrest at issue in this case, when he was incarcerated for a period of 30 days pending issuance of a bond; and (2) in 2008, following his extradition from Georgia, when he was incarcerated for a period of four months until the April 19, 2008 dismissal of his criminal charges. (Doc. #5 at Answer No. 11.)

2

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory . . . ." *Id.* at 327.

Plaintiff's action is time barred. More than two years have elapsed since the events giving rise to his claims occurred. *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989) (state forum's personal injury statute of limitations applies in a section 1983 case); *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (section 1983 actions in Texas are governed by the two-year personal injury limitations period; court can raise affirmative defense of statute of limitations *sua sponte* in *in forma pauperis* actions); Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon Supp. 2010). In answer to the questionnaire, Plaintiff concedes the illegal stop, search and seizure, and unlawful assaults occurred in May 2004. (*See* Doc. #1 at 4, and Doc. #5 at Answer to Nos. 6-11). He also concedes the denial of access to jail grievances, the court, and the law library took place in 2005. *See Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993) ("Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."). Therefore, Plaintiff's complaint is clearly barred by the two-year statute of limitations.[2]

Plaintiff cannot demonstrate that he is entitled to equitable tolling of the limitations period as a result of a "legal disability." *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.001 (West

---

[2] The earliest possible date on which Plaintiff's complaint can be deemed filed is June 7, 2010, the date he signed it and presumably handed it to prison officials for mailing. (Doc. #1 at 5.) *See Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995) (relying on *Houston v. Lack*, 487 U.S. 266 (1988), to hold that a *pro se* prisoner litigant's section 1983 complaint is filed as soon as the pleading is deposited into the prison mail system). In light of the long delays in this case, the complaint would be untimely even if the court had received it in April 2010, as plaintiff alleges in answer to the MJQ. (Doc. #5 at Answer No. 13, and attached May 27, 2010 response from the Court Clerk reflecting that she had no record of any case filed by the Plaintiff.)

2010) ("a person is under a legal disability if the person is: (1) younger than 18 years of age, regardless of whether the person is married; or (2) of unsound mind."). Nor does his imprisonment toll the statute of limitations under Texas law. *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998). Likewise, the dismissal of his criminal case on April 19, 2008, does not revive the statute of limitations for any of his claims. *See Wallace v. Cato*, 549 U.S. 384, 390-92 (2007) (statute of limitations for unlawful arrest and false imprisonment claims began to run when arrestee appeared before examining magistrate judge and was bound over for trial, not later upon his release from custody after the state dropped charges against him).

Accordingly, Plaintiff's complaint clearly lacks an arguable basis in law and should be dismissed with prejudice as frivolous.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the complaint be **DISMISSED** with prejudice as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B).

SIGNED September 23, 2010.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE